IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ALVIN BARTHEL,          )
                                )
      Plaintiff,        )
                                )
v.                        )     CIVIL ACTION
                                )     FILE NO.
                                )
MCLANE FOODSERVICE     )
DISTRIBUTION, INC.,       )
                                )
      Defendant.    )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1446, Defendant MCLANE FOODSERVICE DISTRIBUTION, INC. files this Notice of Removal in the United States District Court for the Northern District of Georgia, Atlanta Division, and invokes this Court's jurisdiction over this matter on the following grounds:

1.

This personal-injury action was commenced on or about March 22, 2022, by the filing of the original Summons and Complaint in the State Court of Cobb County, Georgia, styled <u>ALVIN BARTHEL V. TRANSCO, INC.</u>, Civil Action File No.

1

22-A-979 (Exhibit "A," Plaintiff's Complaint for Damages). Attached hereto as Exhibit "B" are copies of all pleadings and orders served upon Defendant in such action to date.

2.

The parties determined Defendant Transco, Inc. was not a proper party. The parties jointly moved to dismiss Defendant Transco, Inc. and agreed to add McLane Foodservice Distribution, Inc. as a party defendant to the suit pursuant to O.C.G.A. §§ 9-11-15 and 9-11-17 (a), which was granted and ordered by Judge Diana Simmons, Cobb County State Court, on May 17, 2022, thereby changing the style to ALVIN BARTHEL V. MCLANE FOODSERVICE DISTRIBUTION, INC., Civil Action File No. 22-A-979. Plaintiff filed his First Amended Complaint formally naming McLane as a party-defendant on June 15, 2022. (Exhibit C, Plaintiff's First Amended Complaint).

3.

This case is subject to removal under 28 U.S.C. § 1332.

4.

Defendant McLane Foodservice Distribution Inc. ("McLane") is a Texas corporation, with primary business offices in Texas.

5.

Plaintiff is a Georgia resident.

6.

Complete diversity exists between Plaintiff (Georgia) and Defendant (Texas).

7.

With respect to removal on the basis of diversity jurisdiction, this removal is timely because it has been filed within thirty (30) days after receipt by Defendant of Plaintiff's First Amended Complaint *and* within thirty days of receipt of a copy of the court's May 17, 2022 Order adding McLane as a party defendant in this lawsuit.

8.

Plaintiff's Complaint alleges he suffered injuries and incurred medical bills in excess of $76,634.50 as a result of the subject motor vehicle accident. (Exhibit C, ¶ 14). Plaintiff also seeks recovery for lost wages and pain and suffering. (Exhibit "C"). Therefore, the amount in controversy, exclusive of interest and costs, between Plaintiff and Defendant is open-ended and exceeds the sum of $75,000.00.

9.

The amount in controversy is sufficient under 28 U.S.C. § 1332 (a).

10.

Consequently, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332 (a) and 1441 because complete diversity exists between the parties to this action and the amount in controversy exceeds $75,000.00.

11.

Pursuant to 28 U.S.C. § 1447 Defendant is not required to file a removal bond.

12.

By service of a copy of this Notice of Removal as evidenced by the Certificate of Service attached, Defendant hereby gives notice of such removal to Plaintiff as required by 28 U.S.C. § 1446.

14.

Defendant has given written notice of the filing of the Notice of Removal to Plaintiff and to the Clerk of the State Court of Cobb County. A copy of the Notice of Filing Removal is attached hereto as Exhibit "D".

15.

Wherefore, Defendant prays that this Court take cognizance and jurisdiction over this claim from the State Court of Cobb County, Georgia, and that this action shall proceed as removed and under this Court's jurisdiction under 28 U.S.C. § 1332.

[signature on following page]

4

Respectfully submitted, this 16th day of June 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Whitney Lay Greene*
Whitney Lay Greene
Georgia Bar No. 955783
Candace Rodgers
Georgia Bar No. 142004
*Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
Telephone: (404) 885-1400
greenew@deflaw.com
rodgersc@deflaw.com

## <u>CERTIFICATE OF *COMPLIANCE* WITH LOCAL RULE 5.1.B</u>

Counsel for the Defendant hereby certifies that this pleading was prepared in

Times New Roman, 14 Point, in compliance with Local Rule 5.1.B.

Respectfully submitted this 16th day of June, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Whitney Lay Greene*
Whitney Lay Greene
Georgia Bar No. 955783
Candace Rodgers
Georgia Bar No. 142004
*Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
Telephone: (404) 885-1400
greenew@deflaw.com
rodgersc@deflaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 16, 2022, I electronically filed the *Notice of Removal* with the Clerk of Courting using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorneys of record:

Alfred L. Evans, III
Evans Litigation & Trial Law, LLC
1477 Peachtree Street, N.E.
Suite 540(b)
Atlanta, Georgia 30309
aevans@evansltl.com

This 16th day of June, 2022.

**DREW ECKL & FARNHAM, LLP**

*/s/Whitney Lay Greene*
Whitney Lay Greene
Georgia Bar No. 955783
Candace Rodgers
Georgia Bar No. 142004
*Attorneys for Defendant*

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
Telephone: (404) 885-1400
greenew@deflaw.com
rodgersc@deflaw.com