IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ALVIN BARTHEL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NUMBER: 22-A-979 |
| MCLANE FOODSERVICE | ) | |
| DISTRIBUTION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## *FIRST AMENDED COMPLAINT FOR DAMAGES*
### *[PERSONAL INJURY]*

COMES NOW Alvin Barthel, Plaintiff in the above-styled civil action, and hereby files his First Amended Complaint for Damages against Defendant McLane Foodservice Distribution, Inc. In so doing, Plaintiff avers as follows:

1.

Plaintiff Alvin Barthel ("Plaintiff") submits himself to the jurisdiction of this Court

2.

Defendant McLane Foodservice Distribution, Inc. ("McLane") is a corporation with a principal office address of 4747 Mclane Parkway, Temple, Texas 76504. McLane may be served with a Summons and a copy of this First Amended Complaint for Damages through its designated agent for service, Corporation Process Company, 106 Colony Park Drive, Suite 800-B, Cumming, Georgia 30040.

3.

This Court has personal jurisdiction over the Defendant in this case.

4.

This Court has subject matter jurisdiction over the instant controversy.

5.

Venue is proper in this Court.

## STATEMENT OF FACTS PERTINENT AS TO ALL COUNTS

6.

Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 5 above as if fully restated herein.

7.

On or about September 21, 2021, Plaintiff was a passenger in a vehicle traveling on Interstate 75 northbound in Cobb County, Georgia.

8.

At the same approximate time and place, an individual named Edward Fowler was operating a 2019 Fleetcraft Corp. FRT traveling behind the Plaintiff's vehicle.

9.

At all relevant times to this Complaint, Fowler was operating his tractor-trailer on behalf of McLane, and in the furtherance of McLane's business.

10.

At all relevant times to this Complaint, Fowler was an agent, servant, and employee of McLane, he was operating the tractor-trailer within the course and scope of his employment with McLane, and he was operating the tractor-trailer with the permission McLane.

11.

The front end of Fowler's tractor-trailer struck the rear end of the vehicle Plaintiff was riding as a passenger.

12.

At all times relevant hereto, Plaintiff was acting in a careful and prudent manner, and Plaintiff was free of any contributory negligence.

13.

As a result of the collision, Plaintiff suffered injuries to his person.

14.

Following the collision, Plaintiff received medical care at the following facilities, and the cost of that treatment is itemized next to corresponding facility:

- Metro EMS:                              $1,465.00
- Wellstar Kennestone Hospital:          $62,706.50
- Wellstar Kennestone Hospital (2):       $8,837.00
- Bortolazzo Group:                       $1,400.00
- Bortolazzo Group (2):                   $TBD
- Quantum Radiology:                      $2,226.00
- Quantum Radiology (2)                   $TBD
- AIC Orthopaedic and Spine:              $TBD

Plaintiff has in excess of $76,634.50 in medical bills, and those bills will continue to accrue.   Pursuant to O.C.G.A. § 24-8-803 and/or O.C.G. § 24-9-902, Plaintiff places Defendant on notice that he intends to introduce the medical records and bills identified above at trial.  Plaintiff agrees to make the identified records, as well as the applicable certifications, available for inspection.

### COUNT I - IMPUTED LIABILITY/RESPONDEAT SUPERIOR – MCLANE

15.

Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 14 above as if fully restated herein.

16.

At the time of the subject collision, Fowler was under dispatch for McLane.

17.

At the time of the subject collision, Fowler was operating his tractor-trailer on behalf of McLane.

18.

At the time of the subject collision, Fowler was operating his tractor-trailer in the course and scope of his employment with McLane, and in furtherance of his duties with McLane.

19.

Based on the theory of *respondeat superior*, McLane is liable for all damages suffered by Plaintiff as a result of Fowler's negligent acts, including without limitation failing to use due care, failing to keep a proper lookout, following too closely, and driving at a speed in excess for the conditions.   This including without limitation, past medical expenses, future medical expenses, past lost wages, future lost wages, past pain and suffering, present pain and suffering, and future pain and suffering.

20.

McLane is an interstate motor carrier, and pursuant to federal and state laws, McLane is responsible for the actions of Fowler in regard to the collision described in this Complaint under the doctrine of lease liability, agency and/or apparent agency.

### COUNT II - NEGLIGENT HIRING, ENTRUSTMENT, TRAINING & SUPERVISION - MCLANE

21.

Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 20 above as if fully restated herein.

22.

McLane was negligent in hiring Fowler and entrusting him to drive a tractor-trailer.

23.

McLane was negligent in failing to properly train Fowler.

24.

McLane was negligent in failing to properly supervise Fowler.

25.

The injuries and damages sustained by Plaintiff are a direct and proximate result of McLane's independent acts of negligence as outlined in Paragraphs 22-24 of this Complaint.

26.

McLane is liable for all injuries and damages suffered by Plaintiff as a result of its independent acts of negligence, including without limitation, past medical expenses, future medical expenses, past lost wages, future lost wages, past pain and suffering, present pain and suffering, and future pain and suffering.

### COUNT III - PUNITIVE DAMAGES –MCLANE

27.

Plaintiff realleges and incorporates the allegations contained in Paragraphs 1 through 26 above as if fully restated herein.

28.

The actions and conduct of McLane as alleged herein was willful, fraudulent, exhibit bad faith, and evince an entire want of care which raise the presumption of a conscious indifference to the consequences to members of the general public, and in particular to Plaintiff, who can reasonably be expected to be affected by said actions and conduct.  As such, Plaintiff is entitled to recover punitive damages from McLane in an amount to be determined by the enlightened conscience of the jury, in order to punish McLane for past misconduct and so as to deter McLane from engaging in similar conduct in the future.

WHEREFORE, Plaintiff prays for the following relief:

a) That a Summons and a copy of this First Amended Complaint for Damages be served on McLane as provided by law;

b) That Plaintiff have a trial by jury of twelve as to all issues;

c) That Plaintiff have and recover special damages for his past and future medical costs against McLane, as well as other proximately related expenses and lost wages, against McLane as in an amount to be proven at trial;

d) That Plaintiff have and recover general damages for his personal injuries against McLane (including, but not limited to pain and suffering, past, present, and future) in an amount to be proven at trial;

e) That Plaintiff have and recover punitive damages against McLane; and

f) That Plaintiff have and recover such other and further relief as this Court may deem just and proper.


*[SIGNATURE PAGE TO FOLLOW]*

Respectfully submitted this 15th day of June, 2022.



BY: _____

ALFRED L. EVANS, III
Georgia State Bar No. 251401

Attorney for Plaintiff

1447 Peachtree Street, N.E.
Suite 540(b)
Atlanta, Georgia 30309
404.334.8009 (Telephone)
678.550.9849 (Facsimile)
aevans@evansltl.com

IN THE STATE COURT OF COBB COUNTY
STATE OF GEORGIA

ALVIN BARTHEL,                                    )
                                                 )
        Plaintiff,                               )
                                                 )
v.                                               )        CIVIL ACTION FILE
                                                 )        NUMBER: 22-A-979
MCLANE FOODSERVICE                               )
DISTRIBUTION, INC.,                              )
                                                 )
        Defendant.                               )

### CERTIFICATE OF SERVICE

        This is to certify that I have this day served a copy of **FIRST AMENDED COMPLAINT FOR DAMAGES** *via* certified mail, return receipt requested, with adequate postage affixed thereon, to all counsel of record, at the address identified below:

**WHITNEY LAY GREENE**
**DREW ECKL & FARNHAM, LLP**
**303 PEACHTREE STREET, N.E., SUITE 3500**
**ATLANTA, GEORGIA 30308**

        Respectfully submitted this 15th day of June, 2022.

        BY: _____
                ALFRED L. EVANS, III
                Georgia State Bar No. 251401

                Attorney for Plaintiff

1447 Peachtree Street, N.E.
Suite 540(b)
Atlanta, Georgia 30309
404.334.8009 (Telephone)
678.550.9849 (Facsimile)
aevans@evansltl.com